UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

             Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL SERVICES, *et al*.,

             Defendants.

CASE NO. 2:23-CV-00617-LK-GJL

REPORT AND RECOMMENDATION

Noting Date: June 23, 2023

      Plaintiff Daniel Teklemariam Hagos, proceeding *pro se*, filed this civil rights Complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Court has considered Plaintiff's proposed Complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

**I.    BACKGROUND**

      In his proposed Complaint, Plaintiff, a pre-trial detainee housed in the King County Jail, alleges his rights were violated by the Washington State Department of Health Services ("DSHS"), two mental health professionals at Western State Hospital, his public defender and

REPORT AND RECOMMENDATION - 1

the agency who employed her, and the King County Prosecutor's Office to include the individual prosecutor in his currently pending criminal action. Dkt. 1-1. Petitioner contends public defender Liza Parisky has provided ineffective assistance of counsel in his pending criminal proceeding, that deputy prosecutor Edmond Owen LeSesne is prosecuting him based upon fabricated probable cause, and appears to contend mental health professionals Melissa Dannelet and Tatjana Damnjanovic violated his rights to due process and speedy trial in their evaluations that declared him competent to stand trial. *Id*.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the

REPORT AND RECOMMENDATION - 2

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

**A.    Improper Defendants**

Plaintiff has named multiple Defendants who are not proper defendants and/or are immune from suit.

    1. <u>Washington State</u>

Plaintiff alleges claims against the Washington State Department of Social and Health Services ("DSHS"), which is an arm of the State of Washington. Dkt. 1-1. Section 1983 applies to the actions of "persons" acting under color of state law. DSHS, as an arm of the State of Washington, is not a "person" for purposes of a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the State of Washington and DSHS, as a state agency, cannot be sued under § 1983.

    2. <u>Defendants Pariksy and "Department of Public Defense"</u>

Plaintiff alleges Defendant Parisky, his court-appointed defense attorney, provided ineffective assistance during his criminal proceeding. *See* Dkt. 1-1 at 6–7.

1     As stated above, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the
2 defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution
3 or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United
4 States Supreme Court has held that court-appointed criminal defense attorneys are not state
5 actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an
6 advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of
7 the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v.
8 Dodson,* 454 U.S. 312, 318 (1981). Plaintiff alleges Defendant Parisky is liable under § 1983
9 based on her actions as his defense attorney. *See* Dkt. 1-1. As Defendant Parisky is not a state
10 actor and, therefore, cannot be liable under § 1983, Plaintiff has failed to state a claim against
11 her.
12     Plaintiff also names as a Defendant in the caption the "Department of Public Defense."
13 Dkt. 1-1. Plaintiff makes no factual allegations against this Defendant, which appears to be
14 named solely as the employer of Defendant Parisky. *See* Dkt. 1-1 at 3. As discussed above,
15 Plaintiff cannot state a claim against his defense counsel. Moreover, a defendant may not be held
16 liable solely on a ground of vicarious liability. *City of Canton v. Harris*, 489 U.S. at 385–90.
17     3.   Defendants Lesesne and King County Prosecutor's Office
18     Plaintiff alleges Defendant Lesesne, a deputy prosecuting attorney, and his employer, the
19 King County Prosecutor's Office, based the criminal case against Plaintiff on fabricated
20 evidence. Dkt. 1-1 at 7. Prosecutors are entitled to absolute immunity from liability for damages
21 under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a
22 prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v.
23 Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity

REPORT AND RECOMMENDATION - 4

applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Here, Plaintiff alleges Defendant Lesesne prosecuted him upon a false police report. Dkt. 1-1 at 7. Thus, the allegations relate directly to Defendant Lesesne's prosecutorial function. Defendant Lesesne and the King County Prosecutor's Office have immunity as prosecutors; therefore, Plaintiff has failed to state a claim against them.

B.     *Younger* Abstention

Plaintiff alleges defendants DSHS[1], Dannelet and Damnjanovic violated his due process and speedy trial rights. Dkt. 1-1 at 4-5. Plaintiff's allegations are difficult to understand, as his Complaint also states that "Plaintiff recommends Speedy Trial Act claim and Fourteenth Amendment due process claims . . . should be dismissed without prejudice."

However, under a liberal construction of his Complaint, Plaintiff appears to assert these Defendants violated his speedy trial due process rights during his currently ongoing criminal proceeding. This claim is inappropriate in federal court under the *Younger* abstention doctrine.

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the

---

[1] As discussed above, Defendant DSHS is an improper Defendant against whom a § 1983 claim may not be brought. This section therefore addresses the claims against the remaining Defendants, Melissa Dannelet and Tatjana Dmnjanovic.

REPORT AND RECOMMENDATION - 5

*Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Plaintiff is a pre-trial detainee with ongoing state proceedings—specifically, King County Superior Court Matter No. 21-1-00412-4. Dkt. 1-1 at 4. An attachment to Plaintiff's Complaint indicates trial in that matter has not yet occurred, showing a scheduled date of June 5, 2023.[2] Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding, as he seeks dismissal of the case and release from incarceration. Dkt. 1-1 at 10. As *Younger* abstention applies to Plaintiff's claim and no amendment could cure this deficiency, Plaintiff's claims against Defendants Dannelet and Damnjanovic should be dismissed.

## C.    Duplicative Claims

Plaintiff's claims against his defense counsel and his prosecutors should also be dismissed as duplicative of previous complaints that have been dismissed with prejudice. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint that merely repeats pending or previously litigated claims.") (quotation marks and citation omitted); *Goods v. Wasco State Prison*, No. 1:19-cv-01318, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019*)* ("Repeating the

---

[2] King County Superior Court records confirm this matter remains pending, showing a June 5, 2023, order for inpatient competency restoration. *See* Records Access Portal | KC-Script Portal (kingcounty.gov) (searching for Matter No. 21-1-00412-4) (last accessed June 5, 2023). The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 6

same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative."); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

Here, Plaintiff has already brought substantially similar claims against his prosecutors and defense counsel. His claims here are virtually identical to those in *Hagos v. Kahsay*, No. 23-cv-251 JLR-DWC (W.D. Wash.), in which Plaintiff asserted claims against his previous public defender and Deputy Prosecutor Lesesne arising out of the same underlying criminal prosecution, King County Superior Court Matter No. 21-1-00412-4. There, as here, Plaintiff alleged his defense counsel provided ineffective assistance and Defendant Lesesne brought the case based upon fabricated probable cause. *Hagos v. Kahsay*, Dkt. 1-1 at 4, 6. Similarly, in *Hagos v. Parisky*, No. 2:23-cv-00616-TL-BAT (W.D. Wash.), Plaintiff alleged Defendant Parisky provided ineffective assistance in connection with the same prosecution. *Id.*, Dkt. 1-1 at 5. The current proposed Complaint overlaps with these prior complaints.

Accordingly, Plaintiff's claims against the prosecutor and defense counsel defendants should be dismissed for the additional reason that they are duplicative of his earlier-filed actions.

**D.     Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed Complaint would be futile. DSHS, Plaintiff's counsel, and the prosecutor Defendants are not proper Defendants and additional allegations against them would

not cure the deficiencies. Plaintiff's claims against the only remaining Defendants are barred by *Younger*. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed Complaint.

### III. CONCLUSION

For the reasons discussed above, the Court recommends that this matter be dismissed with prejudice and without leave to amend, and that Plaintiff's motion to proceed IFP be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 23, 2023, as noted in the caption.

Dated this 6th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8